**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Jorgensen, ) | CIV-04-0681-PHX-RGS |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Channel 5 KPHO TV; Meredith ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |

    Pending before the Court is Plaintiff Terry Jorgensen's Motion to Reconsider the Court's Order granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment (Doc. #29). After considering the arguments raised by Plaintiff in his briefing, the Court now issues the following ruling.

    On March 30, 2005, the Court entered an Order granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment. Specifically, the Court, having reviewed the text of Meredith's broadcasts and the contents of the search warrant and affidavit in support thereof, found that all of Meredith's statements concerning Plaintiff were immunized by the fair reporting privilege, because they constituted fair and accurate reports summarizing the information contained in the public record. The Court further found that Plaintiff had not come forward with any evidence that the search warrant materials were sealed at the time of the newscast. On April 8, 2005, Plaintiff filed a Motion to Reconsider.

1    Motions for reconsideration should be granted only where:  (1) the District Court is
2 presented with newly discovered evidence; (2) the District Court committed clear error in its
3 decision; (3) the District Court's decision was manifestly unjust, or (4) there is an intervening
4 change in controlling law.  See School District No. 1J v. ACandS, Inc., 5 F.3d 1255 (9th Cir.
5 1993).  Procedurally, motions to reconsider are generally treated as motions to alter or amend
6 the judgment or a motion for relief from a judgment or order.  See Fed. R. Civ. P. 59(e), 60.
7 Thus, relief may also be available on any of the grounds listed in Rule 60 of the Federal
8 Rules of Civil Procedure.  A motion for reconsideration should not be used to ask the Court
9 "to rethink what the court has already thought through."  Defenders of Wildlife v. Ballard,
10 73 F.Supp.2d 1094, 1115 (D. Ariz. 1999).

11    In his Motion, Plaintiff challenges the grounds on which the Court granted summary
12 judgment to Defendant.  Specifically, Plaintiff submits that the Meredith broadcast was not
13 immunized by the fair reporting privilege.

14    The Court finds that throughout Plaintiff's Motion to Reconsider, Plaintiff simply asks
15 the Court to revisit the issues raised in relation to his motion for summary judgment, and to
16 reexamine case law which was previously cited in this matter.  Plaintiff fails to present newly
17 discovered evidence or show that there has been an intervening change in the controlling law.
18 Therefore, the Court will deny Plaintiff's Motion.

19    Accordingly,

20    **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider (Doc. #29) is
21 **DENIED**.

22    DATED this 11th day of April, 2006.

_____
Roger G. Strand
Senior United States District Judge